**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KEITH LAMAR ORANGE,

      Defendant - Appellant.

No. 99-6009

(D.C. No. 98-CR-44-A)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **McKAY**, and **BRORBY**, Circuit Judges.

    After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Defendant was convicted for his participation in an elaborate scheme operated from prison to file fraudulent income tax returns seeking refunds in violation of 18 U.S.C. §§ 286, 287, and 2(b). He was sentenced to concurrent

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

terms of seventy-eight months' imprisonment and sixty months' imprisonment. He raises five arguments on appeal, challenging both his convictions and his sentence.

Defendant first contends that the district court erroneously denied his motion to suppress co-conspirator testimony. He asserts that his co-conspirators agreed to testify because they expected that, in return, the government would assist them by dismissing certain counts and by seeking a downward departure in their sentencing. Defendant alleges that the testimony was therefore secured in violation of the law.

Before trial Defendant moved to suppress the co-conspirator testimony based on the panel decision in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998) (vacated), which held that the government's offer of leniency in exchange for testimony violated 18 U.S.C. § 201(c)(2). That decision was subsequently overturned en banc in United States v. Singleton, 165 F.3d 1297 (10th Cir.), cert. denied, ___ U.S. ___ (1999). Defendant also asserted a corollary argument that United States Attorneys are bound by state ethical rules, one of which is Rule 3.4(b) of the Oklahoma Rules of Professional Responsibility. That rule provides that a lawyer shall not "offer an inducement to a witness that is prohibited by law." Okla. Stat. Ann. tit. 5, ch. 1, app. 3-A.

In reviewing the denial of a motion to suppress, we review the district

court's findings of fact for clear error, and we review its legal conclusions de novo. See United States v. Patten, 183 F.3d 1190, 1193 (10th Cir. 1999). Whether the co-conspirator testimony admitted in this case was legally obtained is a question of law which we review de novo. See United States v. Singleton, 165 F.3d at 1299.

We observe that the federal statute making United States Attorneys subject to state ethical rules did not become effective until after Defendant's trial, see 28 U.S.C. § 530B, but we do not rely on that fact. Since the en banc decision in Singleton, the inducements involved in this case clearly would not be prohibited by law under 18 U.S.C. § 201(c)(2). Because Defendant has failed to demonstrate the violation of § 201(c)(2) or any other law, there is no basis for holding that the prosecution violated Rule 3.4(b). See United States v. Hill, 197 F.3d 436 (10th Cir. 1999).

In addition, admissibility of evidence in a federal criminal trial is not controlled by state evidentiary rules. Under the en banc decision in Singleton and Federal Rule of Evidence 402, the challenged testimony is plainly admissible. See United States v. Lowery, 166 F.3d 1119, 1124-25 (11th Cir.), cert. denied, ___ U.S. ___, 120 S. Ct. 212 (1999). Nothing in 28 U.S.C. § 530B suggests that Congress intended it to require exclusion of otherwise admissible evidence in federal court even if such evidence has been obtained in violation of state

professional conduct rules incorporated into the local rules of a federal district court.  See id.

Defendant next challenges the district court's refusal to suppress evidence obtained from the home of his claimed common-law wife, Laura Banks, some of which was seized pursuant to a search warrant and some pursuant to her consent. Again, review of the district court's factual findings on a motion to suppress is under the clearly erroneous standard.  See United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998).  But the ultimate question of the reasonableness of a search or seizure is a legal question subject to de novo review.  See id.

Defendant objected to the admission of certain evidence contained in sealed boxes which Ms. Banks picked up from Defendant at prison for safekeeping until his release.  The district court held that Defendant had no standing to challenge the search of Ms. Banks' house where he did not live while he was in prison.  It further held that Defendant's subjective expectation of privacy in the sealed boxes was not objectively reasonable.  The court noted his lack of control over his papers and reasoned that "[n]othing prevented his boxes from being opened or his letters from being shown to others, or simply discarded." R., Vol. 1, Doc. 83 at 9. We need not review the district court's determination of these issues.  Even if Defendant had an objectively reasonable expectation of privacy in the sealed boxes and standing to challenge the search of the house, we nevertheless conclude

that evidence gathered in the search was admissible. In light of the valid search warrant and Ms. Banks' control over and consent to surrender the boxes, we conclude that the court properly refused to suppress the challenged evidence. See United States v. Leon, 468 U.S. 897, 913 (1984) (stating that evidence obtained through execution of a search warrant by officers who reasonably rely on its validity need not be excluded); Franks v. Delaware, 438 U.S. 154, 171 (1978) (requiring that challenges be "more than conclusory," noting a "presumption of validity with respect to the affidavit supporting [a] search warrant," and determining that no evidentiary hearing is mandated unless an allegation of deliberate falsehood or recklessness is made with specificity and accompanied by an offer of proof); United States v. Matlock, 415 U.S. 164, 171 (1974) (holding that prosecution may justify warrantless search by proof of voluntary consent from third party possessing common control over property).

Defendant's third argument asserts that the district court erred in denying his motion to reveal the identity of one or more confidential informants. We review a district court's denial of a motion to disclose the identity of a confidential informant for an abuse of discretion. See United States v. Gordon, 173 F.3d 761, 767 (10th Cir.), cert. denied, ___ U.S. ___, 120 S. Ct. 205 (1999).

We conclude that Defendant's challenge is without merit. The district court properly "balanc[ed] the public interest in protecting the flow of information and

the individual's right to prepare his defense" as mandated by Roviaro v. United States, 353 U.S. 53, 62 (1957).  The court did not abuse its discretion.

Defendant's fourth argument is a jurisdictional challenge to two of the counts with which he was charged.  He argues that the government failed to prove venue in the Western District of Oklahoma because at the time of the subject offense he was incarcerated within the Eastern District of Oklahoma.  To determine whether venue lies in a particular district, we ask "whether, viewing the evidence in the light most favorable to the Government and making all reasonable inferences and credibility choices in favor of the finder of fact, the Government proved by preponderance of direct or circumstantial evidence that the crimes charged occurred within the district."  United States v. Rinke, 778 F.2d 581, 584 (10th Cir. 1985).

Where a crime is "begun in one district and completed in another, or committed in more than one district," federal law permits prosecution "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).  We therefore conclude that Defendant's challenge is without merit.  The district court cited and relied on evidence plainly showing that relevant acts took place within its jurisdiction.  See United States v. Leahy, 82 F.3d 624 (5th Cir. 1996) (interpreting 18 U.S.C. § 287 to mean that venue lies where false claim is prepared, mailed, or presented).

Finally, Defendant claims that the court erred in enhancing his offense level by four levels based on his role as a leader or organizer in the criminal activity under United States Sentencing Guidelines § 3B1.1(a). We review a district court's conclusion that a defendant is a leader or organizer under the guidelines for clear error. See United States v. Tagore, 158 F.3d 1124, 1130 (10th Cir. 1998).

We reject Defendant's challenge to the court's sentencing determination that he had a leadership role in the criminal conspiracy. The evidence clearly supports the court's finding that the conspiracy involved five or more persons and that Defendant played a significant role in organizing the illegal activity and controlling some of his co-conspirators, especially Ms. Banks. See U.S.S.G. § 3B1.1(a); United States v. Edwards, 69 F.3d 419, 439-40 (10th Cir. 1995).

Defendant's convictions and sentence are **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge